DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Ottawa County Municipal Court, Small Claims Division, which granted a default judgment to appellee, Michele A. Campbell, in the amount of $1,550, and dismissed appellant's counterclaim for damages. For the reasons that follow, we affirm the judgment of the trial court.
On appeal appellant, Terrence R. Rudes, sets forth the following three assignments of error:
 "I. THE COURT ABUSED ITS DISCRETION IN GRANTING A DEFAULT JUDGMENT.
 "II. THE COURT ABUSED IT'S DISCRETION IN NOT SETTING ASIDE THE JUDGMENT.
 "III. THE COURT ERRED IN DETERMINING THE AMOUNT OF DAMAGES AWARDED TO APPELLEE."
This case arose as an action in small claims court brought by appellee, Michele A. Campbell, against her former attorney, appellant, Terrence R. Rudes. In the complaint, appellee sought the return of $1,200 paid to appellant in legal fees, $1,500 appellee paid to hire an another attorney, and $100 in "consultation" and filing fees. In response, appellant filed a counterclaim for $1,233.75 in unpaid legal fees and expenses.
Initially, a hearing was set for March 2, 2000 but, at appellant's request, the hearing was continued until April 6, 2000. On March 23, 2000, appellant filed a request for mediation. On April 6, the hearing was held on the merits before a magistrate; however, appellant did not appear. On that same day, the magistrate filed a judgment entry in which he granted a default judgment to appellee in the amount of $3,000.
On April 11, 2000, appellant filed objections to the magistrate's decision, in which he asserted that he did not appear for the hearing on April 6 because he believed it had been stayed by the filing of his request for mediation. Appellant also disputed the $3,000 judgment to the extent that it included damages for fees paid to appellee's new attorney. On June 9, 2000, the trial court filed a judgment entry in which it affirmed the granting of the default judgment, but reduced the amount of the judgment against appellant to $1,550. On March 26, 2001, pursuant to a remand from this court, the trial court entered a _nunc protunc judgment entry in which it dismissed appellant's counterclaim. On July 5, 2000, a timely notice of appeal was filed.
In his first two assignments of error, appellant asserts that the trial court erred by granting a default judgment against him and dismissing his counterclaim.
In granting the default judgment against appellant, the trial court relied on R.C. 1925.05, which provides that notice to the parties in a small claims case shall contain the following language:
 "`If you do not appear at the trial, judgment may be entered against you by default, and your earnings may be subjected to garnishment or your property may be attached to satisfy the judgment. If your defense is supported by witnesses, account books, receipts, or other documents, you must produce them at the trial. * * *'"
Appellant does not claim that he did not receive the above notice, or that such notice was improperly served. Appellant does argue, however, that his failure to appear at trial was "excusable neglect" because he had filed a request for mediation two weeks before the trial was to take place. In support thereof, appellant points to a handwritten notation on the magistrate's judgment entry, which states:
 "Magistrate was unaware [appellant] had filed a request for mediation. Mediation date had not been scheduled."
Generally, Ohio courts have found that neglect is not excusable "if the party or his attorney could have controlled or guarded against the happening or of the special or unusual circumstance ***." Vanest v.Pillsbury Co. (1997), 124 Ohio App.3d 525, 536. A review of the record does not reveal any local rule providing for a stay of proceedings in small claims court upon the filing of a party's request for mediation. In addition, the record contains no admissible evidence that appellant, who is an attorney, either inquired as to whether the April 6 hearing had been continued, or had actual knowledge from any other source that his request for mediation would stay the proceedings in small claims court. Finally, the magistrate's notation, while acknowledging that a request for mediation had been filed, offers no support for appellant's argument that such a filing should have automatically stayed the court's proceedings.
Upon consideration of the foregoing, this court finds that the trial court did not err by granting a default judgment against appellant, or by refusing to dismiss the default judgment. Appellant's first and second assignments of error are not well-taken.
In his third assignment of error, appellant asserts that the trial court erred by ordering him to pay $1,550 in damages without first holding an evidentiary hearing.
As set forth above, appellant filed objections to the magistrate's decision, in which he argued that appellee was not entitled to $3,000 in damages and asserted that he also was entitled to damages for unpaid legal fees. Thereafter, the trial court reduced the amount of damages owed by appellant from $3,000 to $1,550.
The magistrate's April 6, 2000 judgment entry states that "evidence of damages [was] presented" in those proceedings. However, the certified record does not contain a transcript of the proceedings in small claims court or a substitute therefore. Accordingly, we must presume the regularity of the trial court's proceedings. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
Upon consideration of the foregoing and our disposition as to appellant's first and second assignments of error, we find that the trial court did not err by not holding an evidentiary hearing as to the issue of damages. Accordingly, appellant's third assignment of error is not well-taken.
The judgment of the Ottawa County Municipal Court, Small Claims Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________________ Richard W. Knepper, J, Judge
 George M. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.